NO. 12-03-00302-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
JAMES HEATH KIRKLAND,                          §                 APPEAL FROM THE EIGHTH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 HOPKINS COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            James Heath Kirkland was convicted of theft and was sentenced to two years of
imprisonment to run consecutively with a previous ten-year sentence for burglary of a habitation. 
Appellant raises one issue on appeal. We affirm.
 
Background
            On June 2, 2003, Appellant was indicted for theft of property with a value of $1,500.00 or
more but less than $20,000.00. See Tex. Pen. Code Ann. § 31.03(e)(4) (Vernon Supp. 2004-2005). 
This offense was alleged to have been committed on March 1, 2002. On March 6, 2002, Appellant
committed the offense of burglary of a habitation, an offense for which he was eventually tried and
convicted and was sentenced to ten years of imprisonment.


 
            As part of a plea bargain before Appellant’s trial on the burglary of a habitation charge, the
State offered to allow Appellant’s sentences for the burglary of a habitation and theft charges to run
concurrently. The State informed Appellant that if he rejected this offer, it would ask the trial court
to order his sentences for both offenses to run consecutively. Appellant rejected this offer. 
            On February 11, 2003, Appellant was found guilty and was sentenced to ten years of
imprisonment on the burglary of a habitation charge. On June 30, he pleaded guilty to the theft
charge and chose to have the court assess his punishment. On August 7, the State filed a “Motion
to Cumulate Sentences,” asking the trial court to order Appellant’s sentences for burglary of a
habitation and theft to run consecutively. That same day, after hearing evidence from Appellant and
the State, the trial court sentenced Appellant to two years of imprisonment and ordered that the
sentence be served after his ten-year sentence for burglary of a habitation. Appellant now appeals
the trial court’s cumulation of sentences order.
 
Analysis
            In his sole issue, Appellant contends that the State’s motion seeking consecutive sentences
was filed as a result of prosecutorial vindictiveness; therefore, the trial court’s cumulation of
sentences order must be declared void. The State argues that the record is devoid of any
prosecutorial vindictiveness and that it was well within its legal right to seek maximum penalties.
            We first note that Appellant did not object to the severity of his sentence at the punishment
hearing, nor did he raise this issue in his motion for new trial. On November 17, 2004, the court of
criminal appeals issued its opinion in Neal v. State, a case in which the appellant’s claim of
prosecutorial vindictiveness was raised for the first time in the court of appeals. Neal v. State, No.
PD-1559-03, 2004 WL 2601067, at *1 (Tex. Crim. App. Nov. 17, 2004). In Neal, the claim of
prosecutorial vindictiveness was 1) not timely raised in the trial court, 2) not specific, and 3) not
ruled on by the trial court. Id. at *8. Therefore, the court held that the appellant failed to preserve
the issue for appellate review. Id. at *9.  
            In the instant case, Appellant never 1) raised his claim in the trial court or 2) made a specific
objection to the cumulation of sentences order. Appellant has therefore waived any claim of
prosecutorial vindictiveness. Appellant’s sole issue is overruled.
 
 
Disposition
            The judgment of the trial court is affirmed.
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered November 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.




























(DO NOT PUBLISH)